Filed 1/15/21  P. v. Duval CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES ELMOND DUVAL,<br><br>    Defendant and Appellant. | C089098<br><br>(Super. Ct. No. CRF93-9600606) |

In 1994, defendant James Elmond Duval pleaded no contest to second degree murder and admitted a firearm-use enhancement allegation.  The trial court sentenced him to an indeterminate term of 15 years to life in prison for the murder, plus a determinate term of five years for the enhancement.  In 2019, defendant filed a petition

1

for resentencing pursuant to Penal Code section 1170.95.[1]  The trial court summarily denied the petition without appointing counsel, concluding defendant was not eligible for resentencing as a matter of law.

Defendant now contends the trial court erred in relying on the factual basis of his plea and his enhancement admission to deny the petition, and in summarily denying his petition without appointing counsel.

Finding no prejudicial error on this record, we will affirm the trial court's order.

BACKGROUND

Defendant was charged with first degree murder in that "he did, with premeditation and deliberation, wilfully and unlawfully kill a human being with malice aforethought."  The People also alleged a section 12022.5, subdivision (a) enhancement in that defendant personally used a firearm during the commission of the murder.

There was evidence at the preliminary hearing that Terry Boyds died from multiple gunshot wounds.  There were .25-caliber shell casings near the body.  A witness named Bechtell testified that defendant shot Boyds.  Another witness named Trammel testified that her grandmother had a gun and that defendant took it when he went with Bechtell to see Boyds.  Trammel said defendant subsequently admitted shooting Boyds. The gun was a .25-caliber handgun.  Trammel also testified that Bechtell claimed he killed Boyds.

---

[1] Undesignated statutory references are to the Penal Code.

Pursuant to a plea agreement, the People amended the information to charge defendant with second degree murder rather than first degree murder, and defendant pleaded no contest to the amended charge. Defendant also admitted personally using a firearm in the commission of the murder. The prosecutor said the factual basis for the plea was that on January 6, 1993, defendant intentionally killed Boyds with a firearm. Defendant affirmed that he heard and agreed with the factual basis for the plea.

Represented by new counsel, defendant subsequently sought to withdraw his no contest plea on the grounds that his former counsel was not prepared for trial and that defendant understood he could enter a no contest plea but still continue to build a defense and ask the Court of Appeal for a trial. Defendant presented evidence of statements by individuals named Murray and Larussa that Bechtell confessed to killing Boyds. The trial court denied the motion, finding no clear and convincing evidence that defendant did not understand what he was doing when he pleaded no contest. The trial court sentenced defendant to 15 years to life in prison for the second degree murder conviction and a consecutive five-year term for the firearm enhancement.

Defendant appealed the order denying his motion to withdraw the plea. This court affirmed the order (*People v. Duval* (Oct. 13, 1995, C020186) [nonpub. opn.]), and the California Supreme Court denied review (*People v. Duval* (Dec. 20, 1995, S050052)).

On February 16, 2019, defendant filed a petition for resentencing under section 1170.95. He averred that (1) a complaint, information or indictment was filed against him that allowed the prosecution to proceed under the felony murder rule or the natural and probable consequences doctrine; (2) he pleaded guilty or no contest to first or

3

second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial under the felony murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant requested the appointment of counsel during the resentencing process.

The trial court summarily denied the petition, concluding defendant was not entitled to relief under section 1170.95 as a matter of law because the court file showed he was convicted of murder as the actual killer and not under the felony murder rule or the natural and probable consequences doctrine. Citing the reporter's transcript from the entry-of-plea hearing, the trial court described the factual basis for defendant's plea and noted that defendant heard and did not disagree with the stated factual basis and that defendant admitted personally using a firearm. Defendant appeals from the order denying his petition for resentencing.

## DISCUSSION

Defendant contends that in considering his section 1170.95 petition, the trial court erred in relying on the factual basis of his plea and his enhancement admission to deny the petition, and in summarily denying his petition without appointing counsel.

### A

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, restricted the application of the felony murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and

4

189.  (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.)  The amended section 188 provides that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)  Senate Bill No. 1437 added section 189, subdivision (e) to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer. [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, "which permits an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts if he or she could not have been convicted of first or second degree murder because of Senate Bill [No.] 1437's changes to sections 188 and 189."  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, review granted Mar. 18, 2020, S260493 (*Verdugo*).)  Section 1170.95, subdivision (b) lists the required contents of a petition. "The petition shall include all of the following:  [¶]  (A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of

5

subdivision (a).  [¶]  (B) The superior court case number and year of the petitioner's conviction.  [¶]  (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).)  If any of the information required by subdivision (b)(1) "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

Subdivision (c) describes a trial court's responsibilities upon the filing of a petition that contains the information required by subdivision (b)(1).  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

A defendant must show the following to make a prima facie showing that he/she falls within the provisions of section 1170.95:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be

6

convicted for first degree or second degree murder. [¶] [And] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

B

Section 1170.95, subdivisions (b) and (c) create a three-step process for evaluating a petitioner's eligibility for relief. (*Verdugo, supra,* 44 Cal.App.5th at pp. 327-330, review granted; accord *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011 (*Torres*).) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b)(2). (*Verdugo,* at pp. 327-328.) To do this, the trial court verifies that the petition contains the information required under section 1170.95, subdivision (b)(1), and supplies any missing information that can be "readily ascertained" from reliable, accessible information, including the record of conviction. (*Verdugo,* at pp. 328-330.)

If the petition is facially sufficient, then, in the second step, the trial court determines under section 1170.95, subdivision (c) whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) The Court of Appeal for the Second District, Division 7, has described this inquiry as "a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47." (*Verdugo, supra,* 44 Cal.App.5th at p. 329, review granted.) "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*) In making this

7

inquiry, the trial court may again examine "readily available portions of the record of conviction," (*id.* at p. 323) including "at least," the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis for a negotiated plea; and the abstract of judgment." (*Id.* at pp. 329-330.) The trial court may also consider jury instructions and any appellate opinion in the case. (*Id.* at p. 333.)

If the trial court determines that the petitioner is not ineligible for relief as a matter of law, the evaluation of the petition proceeds to the third step, a "second prima facie review," in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at pp. 328, 330, review granted.) In this second prima facie review, the trial court must take the petitioner's factual allegations as true and make a preliminary assessment whether he or she would be entitled to relief if they were proved. (*Id.* at p. 328; see also *People v. Drayton* (2020) 47 Cal.App.5th 965, 976 (*Drayton*) [in the second prima facie review, "the trial [court] considers whether the petitioner has made a prima facie showing of *entitlement to* (rather than eligibility for) relief" (original italics)].)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subd. (a)], then the trial court should issue an order to show cause. [Citation.] Once the trial court issues the order to show cause under section 1170.95[, subd. (c)], it

must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd. (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.] Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Drayton, supra,* 47 Cal.App.5th at pp. 980-981.) Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence. (§ 1170.95, subd. (d)(3).)

C

Defendant contends that because his petition contained averments of the three section 1170.95, subdivision (a) conditions, nothing more was required for the appointment of counsel. Implicit in that argument is the claim that the trial court may not look beyond the four corners of the petition to determine whether defendant made a prima facie showing that he fell within the provisions of section 1170.95. But every Court of Appeal that has considered the issue has concluded that it is proper for a trial court to consider the record of conviction in evaluating whether a defendant has made a prima facie showing that he/she falls within the provisions of section 1170.95. (*People v. Lee* (2020) 49 Cal.App.5th 254, 262-263, review granted July 15, 2020, S262459 (*Lee*); *People v. Law* (2020) 48 Cal.App.5th 811, 820-821, review granted July 8, 2020, S262490; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481 (*Edwards*); *Torres, supra,* 46 Cal.App.5th at p. 1178, review granted; *Verdugo, supra,* 44 Cal.App.5th at pp. 329-330, 333, review granted; *People v. Lewis*

9

(2020) 43 Cal.App.5th 1128, 1137-1139, review granted Mar. 18, 2020, S260598 (*Lewis*); see *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Offley* (2020) 48 Cal.App.5th 588, 598-599.)

Courts of Appeal have found no error in the summary denial of section 1170.95 petitions where the record of conviction showed the defendant was ineligible for relief under section 1170.95 because he could be convicted of first or second degree murder under the law as amended by Senate Bill No. 1437 and, thus, did not fall within the provisions of section 1170.95.  (*Lee, supra*, 49 Cal.App.4th at pp. 263-263, review granted; *Edwards, supra*, 48 Cal.App.5th at p. 674, review granted; *Verdugo, supra*, 44 Cal.App.5th at p. 333, review granted; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted March 18, 2020, S260410; *Lewis, supra*, 43 Cal.App.5th at pp. 1137-1139, review granted.)

The California Supreme Court granted review in *Lewis, supra*, 43 Cal.App.5th 1128 (California Supreme Court Case No. S260598) and other cases to address whether a trial court may consider the record of conviction in determining if a defendant has made a prima facie showing of eligibility for relief under section 1170.95.  Until our Supreme Court decides the issue, we conclude it was proper for the trial court to consider the record of conviction in determining whether defendant made a prima facie showing that he fell within the provisions of section 1170.95.  The record of conviction includes the transcript of the plea hearing.  (*Verdugo, supra*, 44 Cal.App.5th at pp. 329-330, review granted.)  Citing *People v. Ramirez* (2019) 41 Cal.App.5th 923, defendant contends he made a prima facie showing of eligibility.  But *Ramirez* is inapposite, because unlike in

this case, the *Ramirez* petition also included a Court of Appeal opinion establishing that the defendant was eligible for relief under section 1170.95. (*Ramirez*, at pp. 926-927, 929-930.)

Here, the record of conviction shows that defendant entered a plea of no contest to second degree murder and the use of a firearm. "Second degree murder is the unlawful killing of a human being with malice aforethought but without the additional elements, such as willfulness, premeditation, and deliberation, that would support a conviction of first degree murder." (*People v. Knoller* (2007) 41 Cal.4th 139, 151.) Although defendant contends his plea did not necessarily admit his role as the actual killer and his culpability could have been based on accomplice liability, we disagree.

At the time of the plea hearing, Murray and Larussa had provided statements indicating that Bechtell, and not defendant, killed Boyds. They said Bechtell acted alone in the killing. Trammel also testified at the preliminary hearing that Bechtell confessed to killing Boyds. Yet defendant pleaded no contest to the second degree murder of Boyds and admitted that he personally used a firearm in the crime. Nothing in the record shows the use of two guns in the killing of Boyds. The preliminary hearing testimony indicated the use of a gun that belonged to Trammel's grandmother. Even if we consider the statements submitted at the hearing on defendant's motion to withdraw the plea, Murray and Larussa also indicated that the grandmother's gun was used to kill Boyds. Defendant did not say at the plea hearing that he aided and abetted another in killing Boyds. Rather, he agreed that he intentionally killed Boyds with a firearm.

11

On this record, defendant's no contest plea and admissions at the plea hearing necessarily mean he was convicted as the actual shooter/killer of Boyds. Defendant failed to make a prima facie showing that he fell under the provisions of section 1170.95 because as the actual killer who acted with malice aforethought he could be convicted of second degree murder under sections 188 and 189, as amended by Senate Bill No. 1437. Defendant was ineligible for relief under section 1170.95 as a matter of law. (§ 1170.95, subd. (a)(3).)

The cases defendant cites in a supplemental letter brief -- *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684; *Drayton, supra*, 47 Cal.App.5th 965; and *Offley, supra*, 48 Cal.App.5th 588 -- do not help him. In a case where both the defendant and his cohort took actions that could have caused the victim's death, the defendant in *Cooper* pleaded no contest to second degree murder. (*Cooper,* at pp. 109-110.) But the record did not reveal the factual basis for his plea. (*Ibid*.) Here, defendant not only pleaded no contest to second degree murder; he also admitted personally using a firearm in the commission of the murder and agreed the factual basis for the plea was that he intentionally killed Boyds with a firearm. There was no question under these circumstances that defendant was not eligible for section 1170.95 relief. *Drayton* involved the second prima facie review under section 1170.95 and not, as here, the first prima facie review under the statute. (*Drayton,* at pp. 968, 981-982.) There was also no dispute that the defendant in *Drayton* was not the actual killer and did not intend to kill. (*Id.* at p. 973.) The issue in *Offley* was whether the trial court erred in concluding that defendant was ineligible for relief under section 1170.95 because the jury found true

12

the section 12022.53, subdivision (d) allegation that the defendant personally and intentionally discharged a firearm, proximately causing great bodily injury and death to the victim. (*Offley*, at pp. 592, 597-598.) No such issue is presented here.

Defendant also contends the trial court was required to appoint counsel for him once he made an initial prima facie showing that he was eligible for relief under section 1170.95, and the trial court erred in summarily denying his petition without appointing counsel. As we have explained, defendant failed to make a prima facie showing, in step two of the inquiry, that he fell within the provision of section 1170.95. Accordingly, he fails to demonstrate that the trial court erred in not appointing counsel.

DISPOSITION

The trial court order denying the petition for resentencing is affirmed.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
RAYE, P. J.


_____/S/_____
BLEASE, J.

13